UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 29, 2011

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARROW TRUCKING COMPANY | ) | Case No. 10-10041-R |
| EIN # xx-xxx4029 | ) | Chapter 7 |
| | ) | |
| MEGAN CORPORATION | ) | |
| EIN # xx-xxx6762 | ) | |
| | ) | |
| ARROW TRUCK LEASING COMPANY | ) | |
| EIN #xx-xxx0451 | ) | |
| | ) | |
| ARROW TRUCK REAL ESTATE COMPANY | ) | |
| EIN #xx-xxx0454 | ) | SUBSTANTIVELY CONSOLIDATED |
| Debtors. | ) | |
| | ) | |
| PATRICK J. MALLOY III, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 10-1125-R |
| | ) | |
| TRANSPORTATION ALLIANCE BANK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF/TRUSTEE'S MOTION
TO BIFURCATE CLAIMS FOR TRIAL AND DISCOVERY**

Before the Court is Plaintiff/Trustee's Motion to Bifurcate Claims for Trial and Discovery and Memorandum in Support ("Motion") (Adv. Doc. 53), filed by Plaintiff Patrick J. Malloy III, Trustee (the "Trustee"); the objection of Defendant Transportation Alliance Bank, Inc. ("TAB") (Adv. Doc. 55), and the Trustee's reply brief (Adv. Doc. 57).

The Trustee moves to bifurcate his declaratory judgment and preference claims against TAB from the remaining claims. The Trustee requests that discovery and trial on his subordination claim against TAB and on TAB's counterclaims against the estate be deferred until a pending appeal involving the subordination claim is resolved.

Rule 42(b) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7042, provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[1] The Court first notes that this Court was stripped of jurisdiction over the Trustee's subordination claim when TAB filed its interlocutory appeal of the order striking TAB's unclean hands and in para delicto defenses to the subordination claim. Accordingly, the subordination claim cannot be tried until the appeal is resolved. TAB's unclean hands and in para delicto defenses to the subordination claim involve the same set of facts as TAB's counterclaims against the estate, *i.e.*, the alleged fraudulent conduct of certain of the debtor's officers and directors. Thus, for the sake of judicial economy, the subordination claim and TAB's counterclaims should be tried together, as they are factually inextricably intertwined. But because the Court cannot exercise jurisdiction over the subordination claim until the appeal is resolved, adjudication of TAB's counterclaims must also be deferred.

---

[1] Fed. R. Civ. P. 42(b).

The facts relevant to the declaratory judgment claim and the preference claim are for the most part unrelated to the facts needed to establish the subordination claim or TAB's counterclaims. The declaratory judgment claim involves the interpretation of a contract, and the preference claim involves an accounting of dollars that were transferred between the debtor and TAB during the ninety-day preference period. Neither of these claims are subject to defenses based on the alleged tortious conduct of the debtor's principals, and therefore discovery required to prosecute and defend these claims is substantially different, and more limited, than the discovery planned in connection with the subordination claim and TAB's counterclaims. Scheduling TAB's counterclaims on the same track as the declaratory judgment and preference claims will delay resolution of the latter two claims. Bifurcating the less fact intensive claims from the claims based on fraud will expedite discovery and adjudication of the declaratory judgment and preference claims, and also might render the subordination claim moot.

TAB will not be prejudiced by the bifurcation. TAB is the plaintiff in the case of <u>Transportation Alliance Bank, Inc. v. Arrow Trucking Co., et al.</u>, pending in the United States District Court for the Northern District of Oklahoma (Case No. 10-CV-16 GKF/FHM) (the "District Court Case"), in which TAB is suing certain former officers and directors of the debtor for the same alleged fraud TAB alleges in its counterclaims herein. The District Court Case is set for trial in April 2012. Obviously, TAB is not precluded from proceeding with discovery in the District Court Case to establish facts required to prove its claims in that case, which significantly, if not fully, overlap the facts underlying TAB's counterclaims in

this case. The Trustee may seek to observe and/or review the fruits of the District Court Case discovery. Consequently, the ongoing District Court Case discovery should significantly reduce the scope of additional discovery required by the parties if and when the subordination claim becomes at issue herein, at which time TAB's counterclaims may be adjudicated concurrently therewith.

For the reasons stated herein, the Court concludes that the Motion should be granted. The Court will enter a scheduling order governing the declaratory judgment and preference claims. A scheduling order will be entered in connection with the subordination claim and TAB's counterclaims when the appeal related to subordination claim is resolved so those claims may be addressed simultaneously. A telephonic scheduling conference shall be set by a separate order.

**SO ORDERED** this 29th day of August, 2011.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE